Opinion of the Court,
by Ch. J. Boyle.
TO obtain from Shortridge’s heirs, the legal title which they hold for the land in controversy, Voorhiesfifed this bill, asserting a superior equity in virtue of an claim derived from a certificate for a pi-e-emp^on acres granted to Joseph Blackwell, by the county court of Fayette, at their January term, 1784.
The pre-emption warrant having been assigned to James Blackwell, the entry with the surveyor was made *n name, and as the objects called for,, both in the-certificate and entry, whether of. general description.' *55 or location, are the same, it is only necessary to recite the entry. The entry was made on the 28th of May, 1784, and calls to lie “on Cedar creek, beginning 100 poles below Joseph Blackwell’s improvement in the' fork of said creek, on the north side thereof, running thence east 400 poles, thence south 400 poles, thence west 400 poles, thence north 400 poles, to the beginning.”
This entry was sustained by the circuit court, and the defendants were decreed to convey the legal title; to which decree they have prosecuted this writ of error.
We are of opinion that the evidence is insufficient to warrant the decree of the circuit court. There is no pretence to say,that the stream on which the land in controversy lies, is proved to have been notoriously known by the name of Cedar creek, at the date, either of the certificate or entry. The fact of its notoriety by that name, is not even mentioned by either of the only two witnesses whose depositions are taken in the cause. The stream, indeed, being an object rather of general desciption than of precise location, proof of its notoriety might have been dispensed with, if Joseph Blackwell’s improvement had been proved to have been notorious; but the proof upon this point is equally unsatisfactory. One witness says, that he assisted Blackwell in making an improvement upon Cedar creek, but that was many years prior to the certificate or entry, and he is wholly silent with respect to its notoriety at that period or at any other. The other witness seems never to have seen the improvement claimed as Blackwell’s, until about nine or ten years after the date of the entry, and his testimony is not satisfactory to-show that it had acquired notoriety, even at that late period. We need scarcely state what is the necessary conclusion, where the evidence is so defective with regard to the notoriety of the objects called for in an entry, both of general description and particular location.
The necessity of proof of notoriety in some of the objects, either of general description or particular location, to sustain an entry, has been so long established, and has been recognized by-such an unvarying series of decisions, as to be known to every one.
The decree of the circuit court must be reversed with costs, and the cause be remanded, that the bill maybe dismissed with costs.